UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>KAHLIL M. JACKSON,<br><br>  Defendant. | CAUSE NO. 3:20-CR-76 DRL-AZ<br>            3:24-CV-468 DRL |

OPINION AND ORDER

Khalil Jackson filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He challenges his conviction on four grounds. The government responded on September 20, 2024. Despite being granted an extension to reply until October 24, 2024, Mr. Jackson hasn't filed one to date. The court denies the petition and denies a certificate of appealability.

BACKGROUND

In 2019 and 2020, Mr. Jackson trafficked a minor to have sex for money. He also posted pornographic images of the minor for the victim's prostitution services and took the victim across state lines for this purpose. After a trial, a jury found Mr. Jackson guilty on all five counts of a second superseding indictment—sex trafficking of a minor, *see* 18 U.S.C. §§ 1591(a)(1), (b)(2); production, transportation, and possession of child pornography, *see* 18 U.S.C. §§ 2251(a), (e); 2252(a)(1), (b)(1); 2252(a)(4)(B), (b)(2); and cyberstalking, *see* 18 U.S.C. §§ 2261A(2), 2261(b)(5).

In September 2021, the court sentenced Mr. Jackson to 480 months on count one, 360 months on count two, 240 months on count three, 120 months on count four, and 48 months on count five, all to be served concurrently to each other [119].

Mr. Jackson subsequently appealed his conviction. First, he argued that the court erred by denying a motion to suppress incriminating statements he made to police in his first interview with them. *United*

*States v. Jackson*, 70 F.4th 1005, 1007 (7th Cir. 2023). Second, he argued that he was entitled to a jury instruction limiting the use of voicemails in which he threatened the victim and her family. *Id.* The court of appeals affirmed his conviction and denied *en banc* review. *United States v. Jackson*, 2023 U.S. App. LEXIS 19566 (7th Cir. July 28, 2023).

On June 6, 2024, Mr. Jackson filed this petition arguing that his conviction should be set aside. He presents four arguments: (1) that the court erred in denying his motion to suppress, (2) that the court erred in denying a limiting instruction, (3) that the superseding indictment was deficient because it was duplicitous, and (4) that the court and jury erred *vis-à-vis* his cyberstalking charge in count five.

## STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to *habeas corpus* relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records

conclusively show the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

## DISCUSSION

A. *Motion to Suppress and Limiting Instruction.*

Mr. Jackson argues that the court erred in denying his motion to suppress statements he claims he made after invoking his right to counsel and that the court erred in denying a limiting instruction requested under Federal Rule of Evidence 105 as to threatening voicemails and their usage throughout the trial. The government says both these claims have already been raised and decided on appeal and in this circumstance cannot form the basis for a § 2255 petition. The government is right.

"Issues raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." *Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015). In Mr. Jackson's direct appeal, the court of appeals addressed both issues. It held that even if Mr. Jackson had unambiguously asserted a right to counsel at one point, he initiated further communication and knowingly waived his right to counsel immediately thereafter, and any evidence obtained from the interrogation and used during the trial was not decisive (thus "harmless beyond a reasonable doubt"). *Jackson*, 70 F.4th at 1012-13. The court of appeals also found no error in denying a limiting instruction concerning the threatening voicemails admitted as direct evidence. *Id.* at 1013-15.

Mr. Jackson has asserted no changed circumstances of fact or law to counsel reconsideration of these issues. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). The arguments presented today are the same as those presented on direct appeal and rejected before. *See United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014) ("collateral attack cannot be used to obtain a second opinion on an argument presented and decided earlier"). The court denies relief on these grounds.

3

B. *Alleged Deficiency in Second Superseding Indictment.*

Mr. Jackson also argues that count one of the second superseding indictment (sex trafficking) was duplicitous, charging him with both 18 U.S.C. § 1591(b)(1) and 18 U.S.C. § 1591(b)(2). Subsection (b)(1) set a 15-year minimum term of imprisonment for sex trafficking through force, fraud, or coercion, or if the person trafficked was under 14 years old. Subsection (b)(2) sets a 10-year minimum if, alternatively, the victim was under 18 years old, though no force, fraud, or coercion is required.

Mr. Jackson's argument wasn't raised on appeal, so it is procedurally defaulted. "A claim not raised on direct appeal generally may not be raised for the first time on collateral review and amounts to procedural default." *White v. United States*, 8 F.4th 547, 554 (7th Cir. 2021). "To overcome the procedural default and obtain § 2255 relief, [he] must show either cause for the default and actual prejudice from the alleged error, or that he is actually innocent." *Id.* Mr. Jackson hasn't argued that he is actually innocent, nor would that be tenable on this record. He says his appellate counsel decided that this issue should be raised in a § 2255 petition rather than on direct appeal. Even if that were sufficient cause for his default, he hasn't argued actual prejudice, and there isn't any.

Though an "indictment that charges two or more distinct offenses within a single count is duplicitous," *United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018), a count is not duplicitous "if it charges the commission of a single offense through different means," *United States v. O'Brien*, 953 F.3d 449, 454 (7th Cir. 2020); *see also* Fed. R. Crim. P. 7(c)(1). Count one is not duplicitous "even though [it] allege[s] both that the victim was under 18 as well as the use of force, fraud or coercion" because the count does "not allege separate offenses, but rather alternative means of proving a single offense." *United States v. Powell*, 2006 U.S. Dist. LEXIS 28858, 2-3 (N.D. Ill. Apr. 28, 2006). The second superseding indictment thus was not duplicitous. Even so, if it could be construed differently, such a concern would have been easily curable such that, on this trial record, there was no actual prejudice. And an alteration of the statutory minimum would have no effect on the court's sentence on this count.

4

C. *Cyberstalking Conviction.*

Mr. Jackson challenges his cyberstalking conviction. First, he says the court erred in not excluding the voicemails under Federal Rule of Evidence 804. Second, he says the government failed to prove the elements of this crime beyond a reasonable doubt because there was a violation of Federal Rule of Civil Procedure 37(c)(1) and because the voicemails were transmitted from one landline phone to another. Mr. Jackson didn't raise these arguments on direct appeal, stating that the issues weren't flagged by his counsel or that he received ineffective assistance of counsel.

Although these arguments are procedurally defaulted because they weren't raised on direct appeal, reading Mr. Jackson's petition liberally, *see Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009), he challenges the effectiveness of his appellate counsel. *See United States v. Carey Ray*, 2024 U.S. Dist. LEXIS 117510, 7 (N.D. Ind. July 3, 2024) (holding that claims of ineffective assistance of counsel may constitute an exception to the general rule of procedural default). Alternatively, Mr. Jackson argues that he is actually innocent. *See White*, 8 F.4th at 554.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to counsel—including the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To show a violation of this right, a petitioner must establish that his counsel's performance was deficient, and the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *see also Strickland*, 466 U.S. at 697; *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted).

Mr. Jackson doesn't provide any reason why Federal Rule of Evidence 804 applies to him. That rule provides for exceptions to the rule against the admissibility of hearsay evidence when the declarant is unavailable. Fed. R. Evid. 804. In any event, the recordings of the voicemails weren't hearsay because

5

they were an opposing party's statement. Fed. R. Evid. 801(d)(2). According to that rule, a statement is not hearsay if it is offered against the party who made the statement. *See United States v. Sorensen*, 684 F. Supp.3d 784, 810 (N.D. Ill. 2023) (admitting statements made by the defendant in a voicemail left for a co-conspirator under the opposing party statement exception to the hearsay rule). Accordingly, the voicemails left by Mr. Jackson weren't hearsay evidence at all. It would have been a poor objection for trial counsel to make (or appellate counsel to argue), not a sound one. *See Evans v. Meyer*, 742 F.2d 371, 374 (7th Cir. 1984) (holding that a defendant's lawyer has no obligation to make a frivolous argument and that there may be tactical reason to not make weak ones). There was no deficient performance by counsel, nor any prejudice because the voicemails still would have come into evidence.

Mr. Jackson also argues that the voicemails were improperly submitted to the jury in violation of Federal Rule of Civil Procedure 37(c)(1). He alleges that both the voicemails and accompanying testimony by the victim's family members weren't subject to evidentiary scrutiny. The Federal Rules of Civil Procedure typically don't apply to criminal cases, *see* Fed. R. Civ. P. 1; *United States v. Avant*, 851 F. Appx. 643, 643 (7th Cir. 2021), so this argument—had it been made by trial or appellate counsel—would not have had any effect on Mr. Jackson's proceedings. There is neither prejudice nor a failure of performance.

Finally, Mr. Jackson argues that because the voicemails were transmitted from one landline to another, the elements of cyberstalking couldn't be and weren't proven beyond a reasonable doubt. *See* 18 U.S.C. § 2261A(2). According to him, without the use of a cellphone, interactive computer service, electronic communication service, or electronic communication system of interstate commerce, the government could not meet its burden of proof.

The statute prohibits making threats by "mail, any interactive computer service, or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce." 18 U.S.C. § 2261A(2). Telephones have been held to be instrumentalities of interstate commerce, and the use of telephone lines constitutes the use of a facility

of interstate commerce for purposes of federal statutes. *United States v. Richeson*, 338 F.3d 653, 660 (7th Cir. 2003) (discussing the federal murder for hire statute). This applies to telephones connected by landlines just as much as cellphones. And federal jurisdiction exists by the nature of the instrumentality rather than separate proof of interstate movement. *Id.*; *see also United States v. Dvorkin*, 799 F.3d 867, 874 n.15 (7th Cir. 2015) (intrastate use of a facility of interstate commerce sufficient). Thus here too, counsel wasn't deficient, and Mr. Jackson suffered no prejudice. *See Strickland*, 466 U.S. at 687. The court denies relief on this ground.

## CERTIFICATE OF APPEALABILITY

Mr. Jackson fails to offer facts that, if proven, would entitle him to relief. As such, no hearing is necessary, and his petition is denied. See *Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Based on the assertions Mr. Jackson has made in this petition, including assertions procedurally defaulted and already decided on appeal, reasonable jurists could not debate the conclusions today. The court thus denies a certificate of appealability.

CONCLUSION

Accordingly, the court DENIES Mr. Jackson's petition to vacate his sentence under 28 U.S.C. § 2255 [55] and denies a certificate of appealability. This order likewise terminates the civil case [Cause No. 3:24cv468].

SO ORDERED.

November 15, 2024                    *s/ Damon R. Leichty*
                                     Judge, United States District Court